WEST ELECTRIC HAIR CURLER COMPANY, Plaintiff, v. HAMILTON CORPORATION, Defendant.

(City Court of the City of New York, Special Term, December, 1914.)

Calendar — commercial, of City Court of city of New York — what is legal excuse for adjournment.

> Counsel in a case noticed for the commercial calendar of the City Court of the city of New York must be prepared to try the case on the following day, or present a legal excuse for adjournment, and in case of failiure to comply with this rule must be prepared to accept the consequences of a default.
>
> Where a case, duly noticed, appeared on the calendar for trial on a day certain but counsel for defendant neither appeared nor submitted any reason for adjournment, and an inquest was taken, judgment entered, execution issued and a levy made thereunder, a motion by defendant who presented no reasonable excuse for his default will be granted on condition that he pay all taxable costs and disbursements to date, costs of the motion, furnish a bond to secure any judgment recovered by plaintiff and pay the sheriff's fees and poundage under the execution and levy, otherwise the motion will be denied, with costs.

MOTION to set aside a judgment for the plaintiff taken by default upon the commercial calendar of the City Court.

John Hall Jones, for motion.

Morris Meyers, in opposition.

RANSOM, J.   The commercial calendar was established by the justices of this court in order to give opportunity for the speedy trial of causes in which it was felt that, to a peculiar degree, delay of determination means denial of justice.   Provision was made for

the setting aside of two trial parts of this court exclusively for the trial of actions coming within the category of those specified in the amended rule. Rule 2, City Court Rules. Attorneys should familiarize themselves with the status and progress of cases on this calendar and the practice which has so far developed concerning it.

This commercial calendar has now been in operation since November 2, 1914, and it has proved to be a forum in which commercial causes may, as intended, be tried and disposed of within a few weeks after the cause of action arises. Instances are multiplying of causes which have been tried, judgments obtained and execution satisfied within a month from the service of the summons and complaint. Cases are commonly reached for trial within one, two or three days after they are placed on the commercial calendar.

Counsel in a case noticed for the commercial calendar must be prepared to try the case on the following day, or present legal excuse for adjournment. Counsel failing to comply with this rule should be prepared to accept the consequences of their default.

In the case at bar the case was noticed for trial on the commercial calendar on December 14, 1914. Notice to this effect was duly served on December 9, 1914. The case appeared on the calendar for trial on December 15, 1914, but counsel for the defendant did not appear for trial or submit any reason for adjournment. An inquest was accordingly taken by the justice presiding, judgment entered, execution issued and a levy thereunder made. The defendant now applies for the opening of this default and the restoration of the case to the calendar for trial.

This should not be done except upon terms. No reasonable excuse is presented for the default. *Murrell* v. *Graziade,* 130 N. Y. Supp. 140. Diligence in pre-

paring for immediate trial is the mutual obligation of counsel on both sides as to cases appearing on this commercial calendar. Litigants and members of the bar have long desired a prompt determination of these causes, in which dilatory defenses have been so common. Now that this is accorded counsel must co-operate with the court in promptly clearing this calendar of causes placed upon it. Plaintiffs are entitled to one opportunity to try their cases on this calendar and are entitled to require defendants to try the same when reached, unless legal reason for adjournment can be shown, and only a showing of especial excuse will justify the restoration to the commercial calendar of a case once dismissed from that calendar. Cases will not be restored by consent. Defendants likewise may not gain delay through permitting inquests to be taken against them and then moving later to open the default. Terms will be imposed in the absence of proof that the justice presiding ignored affidavits which presented a legal reason for postponement.

The motion to open the defendant's default herein and set aside the judgment will be granted on condition that the defendant, within five days from date (1) pay all taxable costs and disbursements to date; (2) pay ten dollars costs of this motion; (3) furnish a bond with acceptable sureties to secure the payment of any judgment recovered by the plaintiff, and (4) pay the sheriff's fees and poundage under the execution and levy outstanding; otherwise the motion is denied, with ten dollars costs.

Ordered accordingly.